## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JOAO CONTROL & MONITORING SYSTEMS, LLC,** | **HONORABLE Mark A. Goldsmith** |
| *Plaintiff,* | **MAG. JUDGE Mark A. Randon** |
| **v.** | |
| **FORD MOTOR COMPANY,** | **Case No. 4:12-cv-14004-MAG-MAR [Related Case No. 2:12-cv-0033-DOC-RNBx, USDC, C.D. of Calif., Southern Div.]** |
| *Defendant.* | |

## JOINT STIPULATED PROTECTIVE ORDER

**Contents**

INFORMATION SUBJECT TO THIS PROTECTIVE ORDER ............................2

CONFIDENTIAL INFORMATION ......................................................2

NO WAIVER OF PRIVILEGE ..........................................................8

DISCOVERY RULES REMAIN UNCHANGED.....................................8

PROSECUTION BAR...................................................................9

SPECIAL HANDLING OF COMPUTER CODE AND TRANSMITTED CODES ....................................................................................9

PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION .12

ACCESS TO PROTECTED INFORMATION BY COURT AND THIRD-PARTY VENDORS..............................................................................15

CHALLENGES TO CONFIDENTIALITY DESIGNATIONS ......................15

LIMITATIONS ON THE USE OF PROTECTED INFORMATION ...................16

NONPARTY USE OF THIS PROTECTIVE ORDER ...............................21

MISCELLANEOUS PROVISIONS...................................................22

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED THAT:

## INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

1. For purposes of this Protective Order, "PROTECTED INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any PROTECTED INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

## CONFIDENTIAL INFORMATION

2. PROTECTED INFORMATION may be designated "CONFIDENTIAL." The CONFIDENTIAL designation is reserved for PROTECTED INFORMATION that the producing party deems to constitute confidential or proprietary technical, research, development, commercial, financial, budgeting, accounting, and/or any other type of information which is not publicly known and which cannot be ascertained from an inspection of publicly available

documents and materials.  Documents designated CONFIDENTIAL shall be available only to those persons authorized to receive HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY material as specified in Paragraph 3 below, and up to three (3) in-house counsel, to be identified by name and title, of the receiving party who are responsible for this action.

3.      PROTECTED INFORMATION may be designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY."  The HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY designation is reserved for PROTECTED INFORMATION that constitutes proprietary, commercially sensitive, or competitive information, including, but not limited to trade secrets, nonpublic technical information (*e.g.,* schematic diagrams, technical reference manuals, and operations manuals), damages-related information (*e.g.,* sale volumes, revenues, costs, and profitability), business plans, marketing plans, customer lists, pricing lists, on-going research and development information, financial statements and related back-up data, unpublished pending patent applications, licenses and licensing documentation, strategic plans, and settlement agreements or settlement communications, the disclosure of which may cause harm to the competitive position of the producing party.  Whether for current or existing commercially released products, or for products not yet commercially released, vehicle and customer-identifiable data shall be designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY. PROTECTED INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement shall also be designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY. Documents designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY and information contained therein shall be available only to outside litigation counsel of record, supporting personnel employed by those counsel, Technical Advisors (per

Paragraph 16 and in accordance with Paragraphs 17-18 herein), Mock Jurors (per Paragraph 19), the Court and Third Party Vendors (per Paragraph 20 herein), and any other persons agreed upon in advance of disclosure by the producing party in writing.  For purposes of this Protective Order, any inventor of a patent-in-suit is not authorized to receive or review material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY— PROTECTED CODE.

4.      PROTECTED INFORMATION may be designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE." This designation is reserved for PROTECTED INFORMATION such as source code, object code, Hardware Descriptive Language ("HDL" or "VHDL" files) for integrated circuits; documentation relating to any such source code, object code or HDL/VHDL files; and documentation relating to transmission codes, including, but not limited to, technical specifications that explain the operation of source code and/or transmission codes, functional specifications, communications and messaging protocols, information technology ("IT") specifications and IT platforms (for the purposes of this Protective Order only, such source code, object code, HDL or VHDL files and documentation will be referred to for convenience as "Protected Code"). Information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY— PROTECTED CODE shall be provided only to those persons authorized in Paragraph 3, subject to the additional protections set forth in Paragraph 13, and shall be subject to the Prosecution Bar pursuant to Paragraph 12.

5.      A producing party may designate any document or tangible thing containing or including any PROTECTED INFORMATION as such by marking it "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'
EYES ONLY—PROTECTED CODE" (pursuant to Paragraph 13).  If two or more
copies of the same document or tangible thing are produced with conflicting
confidentiality designations, all parties shall assume the more restrictive
designation shall apply to all copies. A non-party's failure to designate
PROTECTED INFORMATION does not limit the right of any party to designate
such information as PROTECTED INFORMATION under the terms of this Order,
providing such information is the party's information (*e.g.*, technical information
produced by a non-party supplier).

      6.    Any deposition transcript, in whole or in part, may be designated
CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'
EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES
ONLY—PROTECTED CODE, by an appropriate statement at the time such
testimony is given or thereafter by notifying the other parties in writing of the
portions of such testimony to be so designated within thirty (30) days from the date
of the deposition.  Upon such request, the reporter shall mark the original and all
copies of the transcript, as designated.  Any portions so designated shall thereafter
be treated in accordance with the terms of this Protective Order.  If such
designation is made after the reporter has distributed copies of the transcript, it
shall be the designating party's responsibility to secure appropriately-marked
replacement transcripts for all parties to whom the original, unmarked transcript
was distributed. Before the expiration of said thirty (30) day period after the date of
the deposition, all parties shall presumptively treat deposition transcripts as if they
were designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES
ONLY.  If no portions of a transcript are designated as CONFIDENTIAL,
HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or
HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—

PROTECTED CODE by any party on record during the deposition or by written notice to all counsel of record within said thirty (30) days, the transcript shall be considered not to contain PROTECTED INFORMATION.

7.      All PROTECTED INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraphs 2, 3, or 13, shall be designated by the producing party by informing the receiving party of the designation in writing.

8.      Documents made available for inspection shall be treated as follows:

(a)      Any documents (and things such as samples) made available for inspection by counsel for a producing party, as well as all information obtained during such inspection, including documents created based upon any such inspection, initially shall be considered, as a whole, to constitute HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information and shall be subject to this Protective Order.  Thereafter, the producing party shall have a reasonable time (but in no event more than 60 days) to review and designate any such documents and information appropriately prior to furnishing production copies to the receiving party, provided, however, that the producing party shall have no right to review and/or designate the inspecting party's attorney work product.  Any such documents created based on an inspection and deemed to be attorney work product by the inspecting party shall be treated as PROTECTED INFORMATION at the same confidentiality level as the document(s) with the highest confidentiality designation upon which the work product was based.

(b)      All information gathered, created or extracted during inspection of a facility or piece of equipment, as well as any documents, recordings (whether audio, video or otherwise) or other forms of information created based upon any such inspection, initially shall be considered, as a whole, to constitute HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information and

shall be subject to this Protective Order.  Thereafter, the producing party shall have a reasonable time (but in no event more than 60 days) to review and re-designate any such documents, recordings or other information or portions thereof as PROTECTED INFORMATION or to remove any such designation therefrom, provided, however, that the producing party shall have no right to review and/or redesignate the inspecting party's attorney work product.  Any such documents, recordings or other forms of information created based upon an inspection and deemed to be attorney work product by the inspecting party shall be treated as PROTECTED INFORMATION at the same confidentiality level as the document(s) with the highest confidentiality designation upon which the work product was based.

     9.    The following information is not PROTECTED INFORMATION:

     (a)    any information that at the time of disclosure to a receiving party is in the public domain;

     (b)    any information which, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Protective Order or breach of an obligation of confidentiality to the producing party;

     (c)    any information that the receiving party can show was already properly known to it prior to the disclosure;

     (d)    any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

     (e)    any information that the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's PROTECTED INFORMATION.

## NO WAIVER OF PRIVILEGE

10.     Opening for inspection or production of documents (including physical objects) shall not constitute a waiver of attorney-client privilege, work product immunity, or any other applicable privilege if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as protected by the attorney-client privilege, work product immunity or any other applicable privilege and requests return of such documents to the producing party. Upon request by the producing party, the receiving party immediately shall return all copies of such inadvertently produced document(s).  Nothing herein shall prevent the receiving party from challenging the assertion of the attorney-client privilege, work product immunity or other applicable privilege by submitting a written challenge to the Court; provided, however, that no showing of inadvertence will be required in order to preserve the privilege or immunity.  The receiving party may not retain any inadvertently produced documents pending the Court's resolution of a challenge to a designation of privilege, and may not use the inadvertently produced documents to challenge the designation of privilege as to those documents. In addition, Federal Rule of Evidence 502(d) shall apply, such that the privileged and/or protected nature of any document is not waived by its disclosure connected with the litigation pending before this Court.

## DISCOVERY RULES REMAIN UNCHANGED

11.     Unless expressly stated herein otherwise, nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure,

the Local Rules for the United States District Court for the Eastern District of Michigan, and the Court's Docket Control Orders and Discovery Orders.

## PROSECUTION BAR

12.     The Parties do not currently agree on a Prosecution Bar Provision. The parties have agreed to confer to determine what restrictions are required with respect to this provision and will submit any differences to the Court for resolution in a separate filing.

## SPECIAL HANDLING OF COMPUTER CODE AND TRANSMITTED CODES

13.     Information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE ("Protected Code") shall be provided the following further protections:

(a)     Access to information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE shall be provided only to those persons authorized in Paragraph 3 and shall be subject to the Prosecution Bar pursuant to Paragraph 12.

(b)     Protected Code may be produced in searchable electronic form on CDs, DVDs, or on a stand-alone hard drive.

(c)     CDs, DVDs or hard drives containing Protected Code shall be made available for inspection by the receiving party at a single and appropriately secure facility ("Secure Facility") at a location selected by the producing party, subject to the reasonable availability of such Secure Facility. Such Secure Facility may include, but is not limited to, the business offices of the producing party or its counsel.

(d)     Protected Code and Documents Available at Secure Facilities. Protected Code will be available at a Secure Facility on three (3) business days'

prior written notice. If a Secure Facility is used on consecutive days, 16 hours notice of use shall be sufficient (for example, notice of use should be made by 5:00 p.m. on one day of intended use beginning at 9:00 a.m. the next day). The Secure Facility shall be provisioned with sufficient tools to review Protected Code. For example, the Secure Facility shall be provisioned with tools to select limited exemplary excerpts of information for production after proper redaction (for example, of specific transmission code values and formats) and labeling.

(e)     The persons described in Paragraph 13(a) who may have access to information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE may include excerpts of properly-produced Protected Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Protected Code Documents"); each excerpt of Protected Code quoted in a Protected Code Document shall be limited to only that necessary to support the argument made in the referencing Protected Code Document. For example, excerpts of approximately 25 to 40 lines in length of software code would be allowed. To the extent portions of Protected Code are quoted in a Protected Code Document, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE or (2) those pages containing quoted Protected Code will be separately bound, stamped, and treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.

(f)     No electronic copies of Protected Code shall be made. However, to the extent portions of Protected Code are quoted in a Protected Code Document ("Quoted Protected Code"), the persons described in Paragraph 13(a) shall be permitted to store and access Quoted Protected Code on a computer and on a computer network that limits access to only necessary viewers; the persons

**JOINT STIPULATED PROTECTIVE ORDER**

described in Paragraph 13(a) may also send Quoted Protected Code to other persons described in Paragraph 13(a).

(g)     Documents containing Quoted Protected Code shall be password protected so as to limit access only to persons described in Paragraph 13(a).

(h)     With respect to Protected Code made available at the Secure Facility, a viewing party's counsel or technical advisors may request reasonable excerpts of the Protected Code to be produced.  The producing party shall produce such requested excerpts of Protected Code on watermarked (or similar) paper.  Any and all such printouts or photocopies shall be marked "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE."

(i)     Should such printouts, photocopies, or Protected Code Documents containing excerpts of Protected Code be transferred back to electronic media (to be used only as described in Paragraph 13(f)), such media shall continue to be labeled "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE" and shall continue to be treated as such.

(j)     If persons described in Paragraph 13(a) make printouts or photocopies of portions of Protected Code, such persons shall keep the printouts or photocopies in a secured locked area in their offices. Provided that reasonable precautions are taken, the persons described in Paragraph 13(a) may also temporarily keep the printouts or photocopies at: (1) the sites where any depositions relating to Protected Code are taken for the dates associated with the taking of the deposition; (2) the Court; or (3) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition).

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

### OUTSIDE COUNSEL

14.    Outside Counsel for a receiving party shall have access to a producing party's information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.  The term "outside counsel" shall mean outside counsel for the parties working on this litigation and supporting personnel employed by those counsel, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters, but excludes any inventor of a patent-in-suit and in-house counsel.

### IN-HOUSE COUNSEL

15.    Up to three (3) In-house Counsel for a receiving party shall have access to the producing party's information designated CONFIDENTIAL.  The term "In-house Counsel" shall mean inside or in-house counsel for the parties working on this litigation, including supporting personnel employed by those counsel, such as paralegals, and including patent or intellectual property department employees doing in-house counsel liaison type work who are responsible for managing this litigation (even if not admitted to a bar) but excluding any inventor of a patent-in-suit. "In-house Counsel" also includes outside counsel not of record in this action who acts as an in-house counsel for a party to this action, if that party does not employ an in-house counsel.

### TECHNICAL ADVISORS

16.    Information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE may be furnished and disclosed to technical advisors pursuant to

Paragraphs 2, 3, and 13.  The term "technical advisor" shall mean a court appointed technical expert, as well as any independent, outside expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, but excludes any inventor of a patent-in-suit.

17.     Should a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE to a technical advisor, the receiving party shall first give written notice to the producing party.  Such written notice shall include the technical advisor's résumé, curriculum vitae or other information adequate to identify the individual's current employer and employment history for the three (3) years preceding the delivery of such notice.

18.     The producing party may object to the disclosure of the information to such technical advisor by notifying the receiving party of any objection within seven (7) court days of receiving written notice of the receiving party's request to disclose information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE to a technical advisor.  Also within seven (7) court days of receiving such written notice, the producing party may file a motion showing good cause why the information or portions thereof should not be disclosed to such technical advisor, unless the receiving party withdraws its request to disclose the information.  Any such motion shall be made in strict compliance with Local Rules 37-1 and 37-2, including the requirement that counsel file a written Joint Stipulation that they are unable to settle their differences relating to such motion.  Except by order of this Court, no

information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—
OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—
OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE shall be
disclosed to such technical advisor until after the expiration of a ten (10) day
period commencing with the receipt by the producing party of such notice or, if a
motion is made within that period, until the matter has been ruled upon by this
Court or otherwise resolved.  No disclosure of information designated
CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'
EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES
ONLY—PROTECTED CODE shall be made to any technical advisor unless the
person to whom the disclosure is to be made shall first have signed the form
attached hereto as Attachment A stating that he or she has read and understands
this Protective Order and agrees to be bound by its terms. Identification of a
technical advisor under this Protective Order is not a waiver of any applicable
consultant or work product privilege, and does not by itself subject the technical
advisor to any discovery.

<u>MOCK JURORS</u>

19.    Mock jurors hired by trial consultants in connection with this
litigation may only be told about or shown CONFIDENTIAL or HIGHLY
CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY materials provided:
(1) they are not affiliated with any party to this case or their direct competitor; (2)
they agree in writing to be bound by confidentiality; and (3) they are not
themselves given custody of any PROTECTED INFORMATION, nor permitted to
remove any presentations, questionnaires or notes taken during the exercise from
any room in which the research is conducted.

## ACCESS TO PROTECTED INFORMATION BY COURT AND THIRD-PARTY VENDORS

20.     The Court and its officers, and court stenographers whose function requires them to have access to information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE may have such access.  It is understood that, while parties may retain third-party vendors who may be given access to information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE, such third-party access shall not entitle the parties themselves to any access to information otherwise prohibited by this Protective Order.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

21.     The parties shall use reasonable care when designating documents or information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.  Nothing in this Protective Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE has been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY

CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED
CODE designation with respect to any document or information contained therein.

22.     A party shall not be obligated to challenge the propriety of a
CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'
EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES
ONLY—PROTECTED CODE designation at the time made, and a failure to do so
shall not preclude a subsequent challenge thereto.  Such a challenge shall be
written, shall be served on outside counsel for the producing party, and shall
particularly identify the documents or information that the receiving party contends
should be differently designated.  The parties shall use their best efforts to resolve
promptly and informally such disputes.  If an agreement cannot be reached, the
receiving party shall request that the Court cancel or modify a CONFIDENTIAL,
HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or
HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—
PROTECTED CODE designation, in which case the receiving party shall bear the
burden of establishing that the challenged PROTECTED INFORMATION is
improperly designated under this Order.  Any motion challenging a document
designation shall be made in strict compliance with Local Rules 37-1 and 37-2,
including the requirement that counsel file a written Joint Stipulation that they are
unable to settle their differences relating to such motion.

### LIMITATIONS ON THE USE OF PROTECTED INFORMATION

23.     Information designated as CONFIDENTIAL, HIGHLY
CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY
CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED
CODE shall be held in confidence, shall be used only for purposes of this
litigation, shall not be used for any business purpose, and shall not be disclosed to

any person who is not entitled to receive such information as herein provided.  All produced information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE shall be carefully maintained so as to prevent access by persons who are not entitled to receive such information..

24.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions concerning all information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)    A present director, officer, agent and/or employee of a producing party may be examined and may testify concerning all information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE which has been produced by that party.

(b)    A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE of which he or she has prior knowledge, including any information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE that refers to matters of which the witness has

personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment.

(c)      Non-parties may be examined or testify concerning any document containing information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative or agent of the producing party.  Any person other than the witness, his or her attorney(s), or any person authorized to receive information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY— PROTECTED CODE under this Protective Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than authorized recipients being present at the examination.  If the witness is represented by an attorney who is not authorized under this Protective Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their outside counsel, shall have the right to jointly seek a Protective Order from a court having jurisdiction over the

attorney and the witness to prohibit the attorney from disclosing information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.

(d)     In the course of any deposition, counsel for a producing party may request that everyone except the court reporter and persons authorized to access PROTECTED INFORMATION under this Order leave the room.  Failure to comply with this instruction shall justify instructing the witness not to answer the pending question.

(e)     At a later date the Court will address trial examinations and testimony occurring in open court as it relates to materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.

**25.    This order does not authorize the filing of any documents or other matter under seal.  Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court.  A party seeking to file such items under seal shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of  sealing; (v) a memorandum of legal authority supporting  sealing.  <u>See</u> Local Rule 5.3.  A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.**

26.     Nothing in this Protective Order shall prohibit the transmission or communication of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE between or among authorized recipients in the following manner:

(a)     by hand-delivery;

(b)     in sealed envelopes or containers by mail or an established freight, delivery or messenger service; or

(c)     by telephone, facsimile, e-mail or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not an authorized recipient.

27.     CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information shall not be copied or otherwise reproduced by a receiving party, except for transmission to authorized recipients (pursuant to Paragraphs 13 and 26), without the written permission of the producing party, or, in the alternative, by order of the Court. Except as provided herein otherwise, nothing herein shall, however, restrict an authorized recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information for use in connection with this litigation, provided reasonable precautions are taken, and such working copies, abstracts, digests and analyses shall likewise be deemed CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—

PROTECTED CODE information under the terms of this Protective Order. Further, except as provided herein otherwise, nothing herein shall restrict an authorized recipient from converting or translating received CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY— PROTECTED CODE information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information, in whatever form stored or reproduced, shall be limited only to authorized recipients pursuant to the terms of this Protective Order.

## NONPARTY USE OF THIS PROTECTIVE ORDER

28.     The parties shall disclose this Order to all non-parties producing information or material pursuant to a subpoena or court order in this case.  A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY— PROTECTED CODE information pursuant to the terms of this Protective Order.

29.     A nonparty's use of this Protective Order to protect its CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information does not entitle that nonparty access to CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS'

EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information produced by any party in this case.

## MISCELLANEOUS PROVISIONS

30.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of PROTECTED INFORMATION produced or exchanged; provided however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any PROTECTED INFORMATION produced by another Party or person if that disclosure would be contrary to the terms of this Protective Order. Further, nothing in this Protective Order prevents any outside counsel from advising his or her clients regarding general strategy so long as the counsel does not disclose the contents of any PROTECTED INFORMATION in a manner contrary to the terms of this Protective Order.

31.     The invalidity or unenforceability of any provision of this Protective Order shall not affect the validity or enforceability of any other provision.

32.     All notices required by this Order are to be served on all counsel of record in line with service and timing provisions of Federal Rules of Civil Procedure 5 and 6, or as otherwise directed by Order of the Court.  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the counsel-in-charge for the party against whom such waiver will be effective.

33.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against a producing party in this action (including a stipulated order of dismissal), each party

shall, at its option, either return to the producing party or destroy all physical objects and documents in the parties' possession and/or in the possession of their agents, such as technical advisors, which contain or embody CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information which were received from the producing party; provided, that all CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information not embodied in physical objects and documents shall remain subject to this Protective Order. The receiving party shall submit a written certification by ninety (90) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, confirming that all PROTECTED INFORMATION that is required to be destroyed has in fact been destroyed (or handled as otherwise ordered or agreed). Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), any expert reports, written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial.  The terms of this Protective Order shall continue to apply to all retained materials.

34.     This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or relief, or to relax or rescind its restrictions, when convenience or necessity so requires.

35.     This Protective Order shall remain in full force and effect after the termination of this litigation or until cancelled or otherwise modified in writing as agreed to by all of the Parties or by an order of this Court.

36.     Nothing contained in this Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

37.     The parties agree to abide by the terms of this Order upon signature by the parties' representative, in advance and before approval by the Court.

////

## ORDER

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.


Dated:  November 20, 2013              s/Mark A. Goldsmith
        Flint, Michigan              MARK A. GOLDSMITH
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2013.

                                     s/Deborah J. Goltz
                                     DEBORAH J. GOLTZ
                                     Case Manager

Respectfully submitted on this 11th day of November, 2013,

By */s/ Maureen V. Abbey*____
Steven W. Ritcheson (SBN 174062)
switcheson@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
9800 9800 D Topanga Canyon Blvd. #347
Chatsworth, CA 91311
Tel: (818) 882-1030
Fax:  (818) 337-0383

Maureen V. Abbey
Maureen@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
220 Saint Paul Street
Westfield, New Jersey 07090
Tel: (908) 379-8476
Fax: (908) 301-9008

Allen M. Krass (P16218)
Email: akrass@patlaw.com
**GIFFORD, KRASS, SPRINKLE, ANDERSON & CITKOWSKI, P.C.**
2701 Troy Center Dr., Suite 330
PO Box 7021
Troy, Michigan 48007
Tel: (248) 647-6000
Fax: (248) 647-5210

*Attorneys for Plaintiff*

By  */s/ with consent of Marc Lorelli*
Marc Lorelli
Rebecca Cantor
Thomas Lewry
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel: (248) 358-3351
Fax: (248) 358-3351

*Attorneys for Defendant, Ford Motor Co.*